*M'LANAHAN & AL.* vs. *BRANDON.*

APPEAL from the court of the first district.

MATHEWS, J. delivered the opinion of the court. This is a suit against the indorser of a bill of exchange, which was regularly pro-

VOL. I. (N. S.)     41

Notice to an indorser is in all cases necessary. But the failure to give it, may be excused if his place of residence is unknown, and due diligence is used to discover it

East'n District. tested for non acceptance.     The defendant op-
June, 1823.     poses a recovery on two grounds :

M'LANAHAN &     1. Insanity, and.
AL.
vs.             2. Want of due notice of the dishonor of the
BRANDON.        the bill by the drawer.

Judgment was rendered against him in the court below, from which he appealed.

As to the first ground of defence, the evidence of the case leaves doubtful. the existence of any mental derangement in the defendant, except that which occasionally occurs from intoxication.    But should it be admitted that he is insane, and yet left to manage his affairs, still it is uncertain, under such circumstances, what legal effect that state of mind could have on his contracts.    However, as we are of opinion, that he ought to prevail on his second ground of defence, it is deemed unnecessary to examine the fact.

The holder of a bill of exchange or promisory note, is bound to give notice to the drawer and indorsers, of non acceptance or non payment, as the case may be.    In presenting a bill for acceptance, when it is refused, the drawer and indorsers are by law entitled to immediate notice of such refusal.    This may be excused, in some particular instances, in relation to a

East'n District.
*June*, 1823.

M'LANAHAN &
AL.
*vs.*
BRANDON.

drawer, when proof is made that he had no funds in the hands of the payee, &c. But it is believed, that due notice to indorsers is in all cases indispensably necessary. A delay in giving notice is sometimes excused by the absconding of either drawer or indorsers. A holder of a bill may also be excused for not giving regular notice to an indorser, whose place of residence is not known to him, provided he used reasonable diligence to discover where the indorser may be found. In the present case, notice was directed to Natchez, to both drawer and indorsers, being the place where the bill was dated. But the evidence in the case shows, that the indorser against whom this action is prosecuted, resides forty or fifty miles from that place, and within a mile or two of a post office, kept at Pinkneyville, in the state of Mississippi. Nothing in the record shows, that any diligence was used, or enquiry made, by the holders of the bill, to find out the residence of the indorser.

We are therefore of opinion, that the plaintiffs have failed to make out their case. See in support of the doctrine here laid down, *Chitty on Bills*, ed. 1821, pp. 257 & 275. 12 *Martin*, 181.

East'n District.
*June,.1823.*

M'LANAHAN &
AL.
*vs.*
BRANDON.

And therefore, it is ordered, adjudged and decreed, that the judgment of the district court be avoided, reversed and annulled; and that judgment be here entered as in case of non-suit : the plaintiffs to pay costs in both courts.

*Livermore* for the plaintiffs, *Livingston* for the defendant.